IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gene Young Chang, a Citizen of South Korea<br><br>*Plaintiff*,<br><br>vs.<br><br>Ur M. Jaddou, Director,<br>U.S. Citizenship and Immigration Services<br>131 M Street NE<br>Washington, DC 20529<br><br>Alissa Emmel, Chief<br>Immigrant Investor Program Office<br>U.S. Citizenship and Immigration Services<br>131 M Street NE<br>Washington, DC 20529<br><br>Karen Karas, Deputy Chief of Immigrant Investor Program<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue NW Washington, DC 20529<br><br>Alejandro Nicholas Mayorkas, Secretary<br>U.S. Department of Homeland Security<br>3801 Nebraska Ave NW<br>Washington, DC 20016<br><br>Donald Neufeld, Deputy Associate Director<br>California Service Center<br>U.S. Citizenship and Immigration Services 24000 Avila Road<br>Laguna Niguel, CA 92677<br><br>*Defendants*. | Case No.   23-741<br><br>**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGEMENT** |

**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

Plaintiff, Gene Young Chang , through undersigned counsel, complains of the Defendants, Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services , Alissa Emmel, Chief, Immigrant Investor Program Office, U.S. Citizenship and Immigration Services; Karen Karas, Deputy Chief of Immigrant Investor Program U.S. Citizenship and Immigration Services; Alejandro Nicholas Mayorkas, Secretary, U.S. Department of Homeland Security; Donald Neufeld, Associate Director, California Service Center, U.S. Citizenship and Immigration Services, as follows:

### PRELIMINARY STATEMENT

1. This is an action to compel Defendants and those acting under them to take all appropriate action immediately and forthwith to issue a decision on a Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status by LOGOS PROFESSIONAL LAW CORP. Plaintiff's I-829 case WAC2190054783 was properly filed and received by Defendant, U.S. Citizenship and Immigration Services ("USCIS"), on February 22, 2021.  Plaintiff has yet to receive a decision on her pending petition, despite multiple inquiries over the past 24 months. This unexplained delay is egregious and unreasonable, and Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and issue a decision on her long-pending petition without further delay.

### JURISDICTION

2. This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel

Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

3. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed Form I- 829, Petition by Investor to Remove Conditions on Permanent Resident Status. 8 C.F.R. § 204.6(k)clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed Form I- 829, Petition by Investor to Remove Conditions on Permanent Resident Status. 8 C.F.R. § 204.6(k).

4. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because issuing a decision on a Form I- 829, Petition by Investor to Remove Conditions on Permanent Resident Status is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *see also Liu v. Novak*, 509 F. Supp. 2d 1,

4-7 (D.D.C. 2007). Through this complaint, Plaintiff is not challenging a decision on her petition, as no decision has yet been made. Rather, Plaintiff seeks an order compelling Defendants to take action and render a decision. The relief sought is not discretionary but is, by definition, a mandatory duty. *See Matter of Sealed Case*, 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

5. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, the delay of more than two years in rendering a decision on Plaintiff's petition is unreasonable.

6. Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiff's Form I-829 petition to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

## **VENUE**

7. Venue is proper in the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1391(e), because this is an action against officers and

agencies of the United States in their official capacities, brought in the district where Defendants carry on their business and or reside and because many of the events or omissions giving rise to the claim occurred in this judicial district.

8.  Moreover, Plaintiff's Form I-829 Immigrant Petitions by Alien Entrepreneur Immigrant Investor Program Office of U.S. Citizenship and Immigration Services which is located in the District of Columbia. Thus, a substantial part of the events or omissions giving rise to the claim have occurred or will occur in this judicial district.

## PARTIES

9.  Plaintiff Gene Young Chang, is a citizen of South Korea who resides at 19 Everett St Apt 41, Cambridge MA 02138. Plaintiff is the Petitioner on a Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status filed with USCIS on February 22, 2021.

10. Defendant Ur M. Jaddou is the Director of Citizenship and Immigration Services. This suit is brought against him in his official capacity, as the USCIS is responsible for adjudicating Form I-829 Petition to Remove Condition.

11. Defendant Alissa Emmel is Chief of USCIS's Immigrant Investor Program Office ("IPO"). This suit is brought against Ms. Emmel in her official capacity, as the IPO is the component of USCIS responsible for adjudicating Form I-829 Petition to Remove Condition.

12. Defendant Karen Karas is Deputy Chief of USCIS's Immigrant Investor Program. This suit is brought against Ms. Karas in her official capacity, as the IPO is the

component of USCIS responsible for adjudicating Form I-829 Petition to Remove Condition.

13.     Defendant Alejandro Nicholas Mayorkas is the Secretary of Homeland Security. This suit is brought against Secretary Mayorkas in his official capacity, as he is charged with overseeing the actions of DHS, including determinations on Form I-829 Petition to Remove Condition.

14.     Defendant Donald Neufeld, Associate Director, USCIS California Service Center. This suit is brought against Associate Director Neufeld in his official capacity as he oversees all activities at Laguna, California (USCIS California Service Center) in which Plaintiff's I-829 Petition was filed.

### FACTS AND PROCEDURAL HISTORY

A. The EB-5 Immigrant Investor Program

15.     Through passage of the Immigration Act of 1990, Congress created the USCIS Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") Program. Pub. L. No.101-649, § 121(a), 104 Stat. 4978, 4989-90 (1990) (codified at INA§ 203(b)(5), 8 U.S.C. § 1153(b)(5)). The EB-5 Program's purpose is to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under the EB-5 Program, foreign investors have the opportunity to obtain U.S. lawful permanent resident status for themselves, their spouses, and their minor unmarried children by making a certain level of capital investment and associated job creation or preservation in the United States. In 1993, Congress announced a related pilot program–now known simply as the "Immigrant Investor Program" –that introduced the concept of the "regional center." Department of Commerce, Justice and State, the

Judiciary, and Related Agencies Appropriations Act of 1993. Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874 (1992). Regional centers were designed to pool investor money in a defined industry and promote economic growth in a specific geographic area.

16. The regional center model within the Immigrant Investor Program offers an immigrant investor already-defined investment opportunities, thereby reducing his or her responsibility to identify acceptable investment vehicles. Either U.S. citizens or foreign nationals can operate regional centers, which can be any economic unit, public or private, that is engaged in the promotion of economic growth, improved regional productivity, job creation, or increased domestic capital investment.

17. The EB-5 Program has three principal elements: (1) the immigrant's investment of capital, (2) in a new commercial enterprise, (3) that creates jobs.

18. The statute governing the EB-5 Program provided that the immigrant investor must invest at least $1,000,000 in capital in a new commercial enterprise that creates not fewer than ten jobs. 8 U.S.C. § 1153(b)(5)(C)(i). An exception existed if the immigrant investor invests his or her capital in a new commercial enterprise that is principally doing business in, and creates jobs in, a "targeted employment area." In such cases, the immigrant investor must invest a minimum of $500,000 in capital. 8 U.S.C. § 1153(b)(5)(C)(ii); 8 C.F.R. § 204.6(f)(2).

19. The statute governing the EB-5 Program defines a "targeted employment area" as, at the time of investment, a rural area or an area that has experienced unemployment of at least 150 percent of the national average rate. 8 U.S.C. § 1153(b)(5)(B)(ii). Under 8 C.F.R. § 204.6(i), a state government may designate a geographic or political subdivision within its boundaries as a targeted employment area based on high unemployment in that area.

20. A "commercial enterprise" is defined as "any for-profit activity formed for the ongoing conduct of lawful business." 8 C.F.R. § 204.6(e). Commercial enterprises established after November 29, 1990, are considered "new" commercial enterprises for purposes of the EB-5 Program. *Id.*

21. The job-creation requirement for EB-5 participants provides that the investment must create no fewer than ten full-time jobs in the United States for authorized workers, not including the immigrant investor, his or her spouse, and any sons or daughters the investor may have. 8 U.S.C. § 1153(b)(5)(A)(ii).

22. Once approved, Investors acquire a conditional permanent resident status for two years. A petition to remove the conditional basis of the permanent resident status of an alien accorded conditional permanent residence pursuant to section 203(b)(5) of the Act must be filed by the alien entrepreneur on Form I-829, Petition by Entrepreneur to Remove Conditions.

**Plaintiff's Form I-829 Petition under the EB-5 Program**

23. To seek removal of the conditions on permanent resident status, the immigrant investor must file a Petition by Investor to Remove Conditions on Permanent Resident Status (Form I-829) within 90 days prior to the 2-year anniversary of the date conditional permanent resident status was granted. Pursuant to 8 C.F.R. §216.6(a), Ms. Gene Young Chang ("Ms. Chang") has submitted her I-829 on February 22, 2021, which was within 90 days prior to the two-year anniversary, which was May 1, 2021.

24. On March 22, 2021, USCIS issued an I-829 Receipt Notice with Case Number WAC2190054783.

25. The application was received by USCIS's California Service Center and subsequently transferred to the USCIS Immigrant Investor Program Office ("IPO") in Washington, D.C. The IPO was established as a program office to be devoted exclusively to EB-5 adjudications. *See* USCIS Executive Summary of Feb. 26, 2014 EB-5 Stakeholder Teleconference, *available at* https://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/PED-EB5-ExecSummary_02-26-14.pdf.

26. On February 7, 2023, Plaintiff filed an inquiry requesting the current status of the case via email but there has been no answers from USCIS.

27. Plaintiff's application has now been pending for more than 24 months and counting.

28. Considering that I-829 petition is the verification of the job creation and investment, this unexplained delay is egregious and unreasonable, and Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and issue a decision on her long-pending petition without further delay.

29. Section 216A(c)(3) of the Immigration Act of 1990 provides that the Attorney General make a determination on a petition to remove conditions within 90 days of the date the petition is filed or within 90 days of the interview, whichever is later. Accordingly, 8 CFR 216.6(b)(1) of the proposed regulation states that the Service Center director must either waive the interview requirement and adjudicate the petition or arrange for an interview within 90 days of the date the alien entrepreneur filed the petition.

## **CAUSE(S) OF ACTION**

30. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-29 above.

31. Plaintiff's Form I-829 has been pending for more than 24 months, a year and a half beyond Congress's preferred 180-day adjudication timeline. See 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

32. Defendants have offered no explanation for their persistent delay and no indication whether a decision on the petition is imminent.

33. Plaintiff is understandably eager to receive a decision on her Form I-829 petition. The delay in adjudication postpones the date on which she will be eligible to apply for naturalization to become a U.S. citizen.

34. Consequently, Plaintiff seeks to compel Defendants to make a decision on her long-pending I-829 petition without further unreasonable delay. The relief sought is not discretionary, but mandatory. See 8 U.S.C. § 1153(b)(5)(A) ("Visas shall be made available … to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership) ….") (emphasis added); s*ee also Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation). Plaintiff does not have any alternative means to obtain a decision on her petition and her right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Matter of Sealed Case*, 151 F.3d at 1063 (holding that

mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

35. Plaintiff has met all filing requirements for her Form I-829 petition. She filed in a timely manner and paid the appropriate fees. Nonetheless, due to the continued delay of Defendants, Plaintiff has had to wait more than 2 years and counting for a decision on her petition. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

36. As all administrative remedies have now been exhausted, and Plaintiff is suffering a continuing harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint. Accordingly, Plaintiff respectfully urges this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on her Form I-526 petition.

## **CLAIMS**

37. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); *see also Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005). Plaintiff meets these criteria.

38. First, Plaintiff has a clear right to the relief requested, as she has fully complied with all the statutory and regulatory requirements for filing a Form I-829 petition, including the submission of all necessary initial documentation and the payment of all required fees. Defendants have willfully and unreasonably failed to make a decision or provide any information about the status of the petition other than that it remains

pending with the IPO. Defendants are required by regulation to make a decision on Plaintiff's petition. *See* 8 C.F.R. § 8 C.F.R. § 204.6(k) ("The petitioner will be notified of the decision …."). Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

39. Second, Defendants have a clear duty to act upon and make a decision on Plaintiff's I-829 petition. This duty is owed under the INA and the federal regulations and, by charging a filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the application. *See* INA § 286(m); 8 C.F.R. § 103.7(b)(1). *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits).

40. Although there is no statutory deadline for rendering a decision on a Form I-829 petition, there is a nondiscretionary duty to take such action within a reasonable period of time. *See* 5 U.S.C. §§ 555(b), 706(1). Defendants have failed to perform this duty and have, in fact, far exceeded their own estimated processing times.

41. Third, the Court should compel Defendants to issue a decision on Plaintiff's long-pending petition, because no other adequate remedy is available to Plaintiff. Defendants have inexplicably and unreasonably failed to perform their clear

duty to act. Despite Plaintiff's filing of all necessary documentation, payment of all required fees, and submission of inquiries through multiple channels,1 no decision or explanation for the continued delay has been issued. Plaintiff has now exhausted all available administrative remedies and mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

42. Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. *See, e.g., Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same).

43. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. Considering all of these factors, Defendants' delay is plainly unreasonable.

44. As Defendants have failed to carry out their mandatory duty to make a decision on Plaintiff's Form I-829 petition, and have unreasonably delayed action for more than two years without stated justification, and as Plaintiff has exhausted all available administrative remedies, this Court should instruct Defendants to make a

decision on Plaintiff's petition without further unreasonable delay. *See* 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

45. Plaintiff further requests relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, in that an actual controversy exists between the Parties, and the Plaintiff is entitled to a declaration that Defendants' unreasonable delay in processing her Petition violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious.

46. Furthermore, as Defendants' delay is without justification and has forced Plaintiff to resort to this Court for relief, Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2) and 5 U.S.C. § 504, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compel Defendants and those acting under them to perform their duty to render a decision on Plaintiff's Form I-829 petition without further delay;

2. Enter a declaratory judgment that Defendants' unreasonable delay violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious;

3. Grant reasonable attorney's fees and costs to Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED,

DATED:  March 17, 2023

                                                      /s/ *(signature)*
                                       Joshua Whitaker, Esq.
                                       whitaker@adelphilaw.com
                                       D.C. Bar No. 493898
                                       2306 Wineberry Terrace
                                       Baltimore, MD 21209
                                       Tel: 301.755.3874
                                       Fax: 888-367-0383

*Counsel for Plaintiff Gene Young Chang*